UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANEE HUNTER,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security Administration,<br><br>    Defendant. | Case No. 2:22-cv-01534-DJA<br><br>**SPECIAL SCHEDULING ORDER<br>CONCERNING REVIEW OF<br>A SOCIAL SECURITY CASE** |

   This case involves judicial review of administrative action by the Commissioner of Social Security, denying Plaintiff's claim for Social Security benefits.  The Court recognizes that many of these cases have a number of factors in common:

   1. Such cases rarely, if ever, require proceedings in the nature of a trial.  Instead, these cases are usually resolved by cross-motions to reverse or remand and to affirm the Commissioner's decision.

   2. The transcript of the evidence adduced at the administrative hearing frequently contains the words, "inaudible" or "illegible" in some places, and the administrative record sometimes contains documents which are illegible.  These parts of the administrative record may or may not relate to the question of whether the Commissioner's decision is supported by substantial evidence.

   In light of these factors, IT IS HEREBY ORDERED:

   1. If Plaintiff requests a remand of this case on the basis of new evidence, then Plaintiff must, within thirty days of the filing of this Order, file a motion to remand based on new evidence.  The new evidence must be attached to the motion.  A copy of the motion and evidence must be served on:

United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, NV 89101

2. If Plaintiff files a motion for remand on the basis of new evidence, then Defendant may file either (i) a notice of voluntary remand of the case, or (ii) points and authorities in opposition to Plaintiff's motion. Defendant's notice of voluntary remand or opposition must be filed within thirty days of service of the motion. If Defendant files points and authorities in opposition, Plaintiff has twenty days from the date of service of such points and authorities to file a reply.

3. Under 42 U.S.C. § 405(g), remand for reconsideration of new evidence will not be granted unless the evidence is new and material and there is a showing of good cause for failure to incorporate the evidence into the record at an earlier stage. Therefore, if Plaintiff seeks remand for consideration of new evidence, the motion must include a statement of reasons why the new evidence was not incorporated into the record at an earlier stage.

4. If Plaintiff does not file a motion for remand on the basis of new medical evidence, the Plaintiff must, within thirty days of the filing of this Order, file a motion for reversal and/or remand.

5. If Plaintiff files a motion for reversal and/or remand, Plaintiff's motion must include:

    a. A specification of each and every condition or ailment, or combination of the two, that allegedly renders Plaintiff disabled and is supported by evidence contained in the administrative record.

    b. A complete summary of all medical evidence in the record that supports Plaintiff's claim of disability due to each condition or ailment with precise references to the applicable portions of the record. The summary must not include medical evidence unrelated to the conditions or ailments on which Plaintiff's claim or claims of disability are based.

    c. A complete summary of all other evidence adduced at the administrative hearing that supports Plaintiff's claim with precise references to the applicable portions of the record.

        d.      A complete but concise statement as to why the record does not contain substantial evidence to support the Administrative Law Judge's decision.

6.      If Defendant has not filed a notice of voluntary remand, within thirty days after being served with Plaintiff's motion for reversal and/or remand, Defendant must file a cross-motion to affirm, which will be considered an opposition to Plaintiff's motion. This motion must include:

        a.      A complete summary of all evidence in the record that Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not entitled to the benefits in question.

        b.      A complete summary of all testimony adduced at the administrative hearing, including the Administrative Law Judge's findings, if any, concerning the credibility of witnesses, which Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not entitled to the benefits in question.

        c.      A statement as to whether there are any inaccuracies in Plaintiff's summaries. If Defendant believes Plaintiff's summaries are inaccurate, Defendant must set forth what additions or corrections are required (with appropriate references to the record) to make the summaries accurate.

7.      The motions filed by Plaintiff and Defendant under paragraphs 5 and 6 of this Order, respectively, must also contain points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

8.      Plaintiff will be deemed to have acceded to the accuracy of the summaries supplied by Defendant under subparagraphs 6(a) and 6(b) of this Order unless within twenty days after being served with Defendant's cross-motion to affirm Plaintiff files and serves a response brief setting forth:

        a.      In what manner the summaries are inaccurate;

        b.      What additions or corrections are required (with appropriate references to the record) to make the summaries accurate.

9.      The motions filed by both Plaintiff and Defendant must also contain the following:

   a. A statement as to whether the transcript of the administrative hearing can be adequately comprehended in spite of the fact that such transcript may contain the words "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which testimony relating to the particular issues of this case cannot be adequately comprehended.

   b. A specification of each page in the administrative record that is partially or totally illegible, and a statement whether each such illegible page contains information relevant to an understanding of any issue presented in this case.

   c. Any stipulations by the parties regarding the portions of the record, if any, that the parties agree were fairly and accurately summarized by the Administrative Law Judge and therefore do not require repetition in the parties' briefs.  Even if the parties agree the entire record was fairly and accurately summarized by the Administrative Law Judge, the parties still must include sufficient factual background in their briefs to provide the Court with context to understand the parties' arguments.

  10. Oral argument will be deemed waived and the case will stand submitted unless the Court orders otherwise.  A party who requests oral argument must file a request under Local Rule 78-1 within ten days following the filing of the last document required by this Order.  It is within the Court's discretion whether to permit oral argument.

  11. A party's failure to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the Commissioner of Social Security's decision

DATED: November 18, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE